Mitchell A. Seider, SBT #18000550
Joseph S. Fabiani (*admitted pro hac vice*)
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022
mitchell.seider@lw.com
joseph.fabiani@lw.com

Michael R. "Buzz" Rochelle, SBT #17126700
Scott M. DeWolf, SBT #24009990
**ROCHELLE MCCULLOUGH LLP**
325 North Saint Paul St., Suite 4500
Dallas, TX 75201
buzz.rochelle@romclawyers.com
sdewolf@romclawyers.com

**ATTORNEYS FOR JPMORGAN CHASE
BANK, N.A. AS FIRST LIEN AGENT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **In re**<br><br>**TEXAS RANGERS BASEBALL PARTNERS**<br>     **Debtor.** | **Case No. 10-43400 (DML)-11**<br>**(Chapter 11)** |
| JPMORGAN CHASE BANK, N.A., as First Lien Agent acting at the direction of the Requisite Lenders,<br><br>          Plaintiff,<br>v.<br>RANGERS BALLPARK LLC and TEXAS RANGERS BASEBALL PARTNERS<br><br>          Defendants. | Adversary Proceeding<br>Case No. 10- _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff JPMORGAN CHASE BANK, N.A. (the "First Lien Agent" or "Plaintiff"), as administrative agent under the First Lien Credit Agreement (as defined in paragraph 10 below) and collateral agent under the First Lien Security Agreement (as defined in paragraph 12 below) acting at the direction of the Requisite Lenders (as defined in the First Lien Credit Agreement), for its Complaint for Declaratory Judgment. Pursuant to 28 U.S.C. §157 and Federal Rule of Bankruptcy 7001(1) and (9), Plaintiff alleges upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      On May 24, 2010, (the "Petition Date"), Defendant Texas Rangers Baseball Partners (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101-1532, as amended, the "Bankruptcy Code") with this Court.

2.      This is an adversary proceeding initiated by Plaintiff pursuant to Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

4.      This is a "core" proceeding pursuant to 28 U.S.C. § 157.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6.      Plaintiff is a national banking association organized and existing under the laws of the United States of America with its headquarters located in Columbus, Ohio and its principal place of business at 270 Park Avenue, New York, New York, 10022.

7.      Plaintiff is acting at the direction of the Requisite Lenders.

NY\1663520.8

8.      Upon information and belief, Defendant Rangers Ballpark, LLC ("Rangers

Ballpark" and, together with the Debtor, "Defendants") is a Texas limited liability company with

a principal place of business at 1000 Ballpark Way, Suite 400, Arlington, Texas 76011.

9.      Upon information and belief, Debtor is a Texas general partnership with a

principal place of business at 1000 Ballpark Way, Suite 400, Arlington, Texas 76011.

## ALLEGATIONS

10.     On December 19, 2006, JPMorgan Chase Bank, N.A., as administrative agent,

entered into that certain Amended and Restated First Lien Credit Agreement (the "First Lien

Credit Agreement") with HSG Sports Group LLC (f/k/a/ Hicks Sports Group LLC) ("HSG") as

borrower, certain subsidiaries and affiliates of HSG, including the Debtor, as guarantors, and

various lenders party thereto (the "First Lien Lenders"). *See* First Lien Credit Agreement,

attached hereto as Ex. A.

11.     Pursuant to the First Lien Credit Agreement, the First Lien Lenders provided to

HSG a term loan facility of $350,000,000 in principal and commitments to fund a revolving

credit facility of up to $75,000,000 in principal (collectively, together with interest, fees,

expenses and other "Obligations" as defined in the First Lien Credit Agreement, the "First Lien

Obligations"). *See* Ex. A at 1.1 (definition of "Loan") and second and third Recitals.

12.     The First Lien Obligations were secured in part by a pledge of assets of HSG and

its subsidiaries pursuant to that certain Amended and Restated First Lien Pledge and Security

Agreement (the "First Lien Security Agreement"), dated as of December 19, 2006, between each

of the grantors parties thereto (including HSG and the Debtor) and JPMorgan Chase Bank, N.A.

as collateral agent (the "Collateral Agent"). *See* First Lien Security Agreement, attached hereto

as Exhibit B.

13.    As of the Petition Date, approximately $410,950,000 in principal of First Lien

Obligations were outstanding.

14.    The Debtor's guaranty of the First Lien Obligations is capped at $75,000,000.

*See* Ex. A § 7.2.

15.    The Debtor, as grantor, and Plaintiff, as Collateral Agent on behalf of the Secured

Parties (as defined in the First Lien Credit Agreement), executed that certain Amended and

Restated First Leasehold Deed of Trust, Security Agreement, Assignment of Rents and Leases

and Fixture Filing dated as of December 19, 2006 (as amended or modified, the "Leasehold

Mortgage"). *See* Leasehold Mortgage, attached hereto as Ex. C.

16.    Pursuant to that certain Counterpart Agreement of Rangers Ballpark LLC

("Counterpart Agreement"), dated June 13, 2007, Rangers Ballpark became party to the First

Lien Credit Agreement as a guarantor. *See* Counterparty Agreement, attached hereto as Ex. D.

17.    The obligations of Rangers Ballpark under the First Lien Credit Agreement are

uncapped, and Rangers Ballpark is obligated for the full amount of the First Lien Obligations.

*See* Ex. A § 7.2.

18.    Pursuant to that certain Ballpark Lease Agreement (the "Ballpark Lease"), dated

as of June 13, 2007, by and between Rangers Ballpark as tenant, and Arlington Sports Facilities

Development Authority, Inc. as landlord, Rangers Ballpark leased the land commonly known as

"Rangers Ballpark in Arlington". *See* Ballpark Lease Agreement, attached hereto as Ex. E.

19.    Plaintiff and Rangers Ballpark entered into that certain Modification of Amended

and Restated First Leasehold Deed of a Trust, Security Agreement, Assignment of Rents and

Leases and Fixture Filing (the "Leasehold Mortgage Amendment"), also dated as of June 13,

2007. *See* Leasehold Mortgage Amendment, attached hereto as Ex. F.

20.     The Leasehold Mortgage, as amended by the Leasehold Mortgage Amendment, granted Plaintiff a valid, perfected first priority security interest in the Ballpark Lease for the benefit of the Secured Parties as security for repayment of the First Lien Obligations. *See* Ex. C, Ex. F.

21.     Pursuant to the Leasehold Mortgage, Rangers Ballpark agreed that: "Unless required under the terms of the [Ballpark Lease], except as set forth in the [First Lien] Credit Agreement, [Rangers Ballpark] shall not, without the prior written consent of [Plaintiff] (which may be granted or withheld in [Plaintiff's] reasonable discretion)... enter into any modification of the [Ballpark Lease] which materially impairs the practical realization of the security interest granted by this [Leasehold Mortgage], and any such attempted... modification... without [Plaintiff's] written consent shall be void." *See* Ex. C, § 3.11.1(ii).

22.     Upon information and belief, the Ballpark Lease was modified on or about February 12, 2009 pursuant that certain First Amendment to Ballpark Lease Agreement and on or about May 13, 2010 pursuant to that certain Second Amendment to Ballpark Lease Agreement (collectively, the "Ballpark Lease Amendments"). *See* Assignment and Assumption Agreement, attached hereto as Ex. G, at 1.

23.     Plaintiff did not consent to the Ballpark Lease Amendments.

24.     Debtor and Rangers Ballpark executed that certain Assignment and Assumption Agreement (the "Leasehold Assignment"), dated as of May 22, 2010. *See* Ex. G.

25.     Pursuant to the Leasehold Assignment, Rangers Ballpark purported to assign to the Debtor all of its rights, title, and interest in the Ballpark Lease, as well as certain other agreements relating to the Ballpark at Arlington. *See* Ex. G, ¶1.

26.     Plaintiff did not consent to the Leasehold Assignment.

NY\1663520.8

5

27.     As a result of the Leasehold Assignment, the rights of Rangers Ballpark— a

guarantor whose obligations under the First Lien Credit Agreement are uncapped – under the

Ballpark Lease were transferred to the Debtor – a guarantor whose obligations under the First

Lien Credit Agreement are capped at $75,000,000.

28.     The Leasehold Assignment impaired Plaintiff's ability to practically realize the

full value of its security interest under the Leasehold Mortgage by transferring this valuable asset

– the lease to the stadium in which the Texas Rangers play their home games – from a party who

had guaranteed the payment of all obligations owing under the First Lien Credit Agreement to a

party whose guaranteed obligations was limited to $75,000.000.

## CLAIM FOR RELIEF
### (Declaratory Judgment That the Leasehold Assignment is Null Void and That the Ballpark Lease is not Property of the Debtor's Estate)

29.     Plaintiff repeats and re-alleges paragraphs 1 though 28 as if fully set forth herein.

30.     The Leasehold Assignment constituted a modification of the Ballpark Lease

which impaired the practical realization of Plaintiff's security interest granted by the Leasehold

Mortgage.

31.     Because Rangers Ballpark entered into the Leasehold Assignment without

obtaining Plaintiff's prior written consent, the Leasehold Assignment is null and void pursuant to

Section 3.11.1 of the Leasehold Mortgage.

32.     There exists an actual, justiciable controversy between Plaintiff and Rangers

Ballpark concerning whether the Leasehold Assignment was a valid transfer and whether the

Ballpark Lease is property of the Debtor's estate.  Pursuant to 28 U.S.C. § 2201, this Court

should declare the rights and other legal relations of the Plaintiff, Rangers Ballpark and the

NY\1663520.8

Debtor concerning the foregoing and grant such other and further relief as may be necessary to

enforce these rights and obligations.

33.    Because the Leasehold Assignment is null and void, the Debtor has no interest,

legal or equitable, in the Ballpark Lease.  The Ballpark Lease, therefore, does not constitute

property of the Debtor's estate.

34.    Accordingly, Plaintiff requests that this Court enter a final judgment declaring

that:

> The execution of the Leasehold Assignment violated Section
> 3.11.1 of the Leasehold Mortgage; therefore, the Leasehold
> Assignment is null and void; and, therefore, the Ballpark Lease is
> not property of the Debtor's estate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and

against Defendants as follows:

(1) Declaring that the Leasehold Assignment violated the Leasehold Mortgage;

(2) Declaring that the Leasehold Assignment is null and void;

(3) Declaring that the Ballpark Lease is not property of the Debtor's estate; and

(4) Providing for such other and further relief as the Court deems just and appropriate.[1]

---

[1]    Plaintiff reserves any and all rights to file proofs of claim in the Debtor's bankruptcy case relating
to, or otherwise pursue any damages or other remedies relating to, the First Lien Credit
Agreement, the First Lien Security Agreement, the Leasehold Mortgage and the Debtor's conduct
with respect thereto, prior to and subsequent to the filing of this Complaint, including damages,
punitive damages, attorneys' fees, collection costs, and any other remedies.

NY\1663520.8

Dated: July 16, 2010

By: */s/Mitchell A. Seider*
Mitchell A. Seider
Texas State Bar No. 18000550
Joseph S. Fabiani, Esq. (*admitted pro hac vice*)
**LATHAM & WATKINS, LLP**
885 Third Avenue
New York, New York 10022-4834
Telephone: 212.906.1200
Facsimile:  212.751.4864
mitchell.seider@lw.com
joseph.fabiani@lw.com

ATTORNEYS FOR JPMORGAN
CHASE BANK, N.A. AS FIRST LIEN AGENT

- and -

Michael R. "Buzz" Rochelle
State Bar No. 17126700
Scott M. DeWolf
State Bar No. 24009990
**ROCHELLE MCCULLOUGH LLP**
325 North Saint Paul St., Suite 4500
Dallas, Texas 75201
Telephone: 214.953.0182
Facsimile: 214.953.0185
buzz.rochelle@romclawyers.com
sdewolf@romclawyers.com

ATTORNEYS FOR JPMORGAN
CHASE BANK, N.A. AS FIRST LIEN AGENT

NY\1663520.8